UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CAROLYN J. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:07-CV-226 |
| ) | |
| MICHAEL J. ASTRUE, ) | Chief Judge Curtis L. Collier |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

Plaintiff Carolyn J. Wright brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a decision of Defendant, the Commissioner of Social Security. Plaintiff moved for judgment on the pleadings (Court File No. 9), and Defendant moved for summary judgment (Court File No. 13). Magistrate Judge Susan K. Lee filed a report & recommendation ("R&R") (Court File No. 15) recommending the Court rule in favor of Plaintiff and remand this case to the Commissioner for further administrative proceedings. Defendant filed an objection (Court File No. 16), to which Plaintiff did not file any response. Having reviewed the R&R, the parties' briefs, the applicable, and the record, the Court will **GRANT** Plaintiff's motion (Court File No. 9), **DENY** Defendant's motion (Court File No. 13), **ACCEPT & ADOPT** the R&R (Court File No. 15), and **REMAND** this case to the Commissioner of Social Security.

## I. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same

as the magistrate judge's – review is limited to determining if the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, *4, 1999 U.S. App. LEXIS 1621, *15 (6th Cir. Feb. 2, 1999).

**II.     DISCUSSION**

The R&R lays out the procedural history of this case and reviews the evidence in the record as well as the testimony at the ALJ hearing. The R&R then addresses the three issues presented by Plaintiff. On the first two issues, the R&R concludes Plaintiff's contentions are without merit. There is no objection to the magistrate judge's findings on those issue, and the Court concludes they are correct.

On the third issue, Plaintiff claims the ALJ impermissibly substituted his own opinions for those of a doctor and vocational expert. Regarding the doctor, the R&R disagreed, finding there was

2

substantial evidence to support the ALJ's findings of Plaintiff's residual functional capacity. Regarding the vocational expert, however, the R&R agreed with Plaintiff, concluding the ALJ's conclusion Plaintiff could perform past relevant work was not supported by substantial evidence. The R&R therefore recommends remanding this case for further administrative proceedings. Defendant objects to this recommendation.

At issue is the fourth step in the disability determination process: whether Plaintiff can still do her past relevant work. If so, she is not disabled. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). To determine if Plaintiff could perform her past relevant work, the ALJ concluded Plaintiff has the residual functional capacity ("RFC") to perform "at least sedentary work activity." He agreed with a physical therapist that avoiding long periods of repetitive motion with her right arm would not preclude sedentary work activity.

The ALJ then concluded Plaintiff is capable of performing past relevant work as a customer service representative and a secretary based on her RFC. The ALJ noted the Dictionary of Occupational Titles classifies Plaintiff's past relevant work as sedentary exertion and skilled tasks. Plaintiff contends a vocational expert should have testified regarding whether her past secretarial work required frequent lifting or prolonged use of her right arm.

The ALJ is not required to use a vocational expert to determine whether a claimant can perform her past relevant work. *See* 20 C.F.R. § 404.1560(b)(2); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (noting the regulations permit a vocational expert at this step). A vocational expert is just one of the possible methods for the ALJ learning about a claimant's past relevant work, including the claimant's own description, information from other people, or other resources like the Dictionary of Occupational Titles. 20 C.F.R. § 404.1560(b)(2).

3

At the hearing, the ALJ asked Plaintiff about her past work, which was answering phones, doing customer service, and typing. Asked her number one problem, she explained she is missing many lymph nodes from her arm, which is problematic because her job involved using a phone and computer and mouse and doing typing. Now, she cannot do repetitive motions with her arm and cannot type, she testified. The ALJ also concurred with a physical therapist's conclusion that Plaintiff must avoid long periods of repetitive motion with her right arm.

In its objection, Defendant argues there is substantial evidence Plaintiff can perform her past relevant work despite restrictions on the weight she can carry. But the R&R focused on Plaintiff's need to avoid repetitive use of her right arm. In Defendant's objection, it cites Plaintiff's description of her past jobs, which include activities such as writing, typing, and entering information into a computer database—activities that seemingly require repetitive use of one's dominant arm. These activities are consistent with Plaintiff's description at the hearing. But Defendant points to no evidence the ALJ could have relied on in determining Plaintiff could do her past relevant work experience despite her arm problems. *See Bailey*, 1999 U.S. App. LEXIS 1621, at *12-13 (conclusion claimant could perform her past relevant work requires "adequate rationale and findings" by the ALJ).

As the R&R notes, a judicial award of benefits is not appropriate here, so this case will be remanded for further administrative proceedings.

### III.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion (Court File No. 9), **DENY** Defendant's motion (Court File No. 13), **ACCEPT & ADOPT** the R&R (Court File No. 15),

and **REMAND** this case to the Commissioner of Social Security.

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

5